HEIDI L. EMMONS *vs.* PETER T. LINN. February 19, 2010. *Divorce and Separation,* Attorney's fees.

PETER T. LINN *vs.* HEIDI L. EMMONS. February 19, 2010. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts.

---

[1]The Appeals Court's decision in *Emmons* v. *Linn*, 72 Mass. App. Ct. 1118 (2008), is final and binding in all other respects.

Peter T. Linn appeals pro se from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. He had sought relief from judgments entered in the Probate and Family Court, concerning child custody and support matters, and from a decision by the Appeals Court in which he had challenged the underlying judgments. See *Emmons* v. *Linn*, 72 Mass. App. Ct. 1118 (2009). This court denied his application for further appellate review. See *Emmons* v. *Linn*, 453 Mass. 1103 (2009). Linn has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). He seeks improperly to invoke this court's superintendence power to relitigate matters that he unsuccessfully sought to challenge in the earlier proceedings. "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." *Votta* v. *Police Dep't of Billerica*, 444 Mass. 1001, 1001 (2005). See *Davidson* v. *Register of Probate for Essex County*, 454 Mass. 1013 (2009). Accordingly, the single justice properly denied his petition.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Peter T. Linn*, pro se.